# SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** Qiting Yang ("Plaintiff") andMatsuya and Bernard Benlevi. (Defendant) as follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court – Eastern District on June 4, 2015 styled as *Qiting Yang individually and on behalf of all others similarly situated v. Bernard Benlevi and Matsuya of Great Neck, et al,* Docket 15CV01949 (hereinafter the "Action") in which she has asserted various claims and avers she is entitled to alleged unpaid wage and unpaid overtime compensation under the Fair Labor Standards Act and ("FLSA") and New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS**, Defendant denies all of the material allegations asserted by Plaintiff and denies and continues to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendant, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE**, the Plaintiff and the Defendant hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. Plaintiff shall not hereafter directly or indirectly commence and/or continue any lawsuit, charge, claim or proceeding in any forum against Defendant relating to any obligation or claim concerning Plaintiff's employment with Defendant arising on or before the effective date of this Agreement.

2. In full, final and complete settlement of the claims asserted in the Action, as well as any claims and potential claims Plaintiff may have, whether known or unknown, including, but not limited to, any and all claims of minimum wages, overtime, unpaid wages, economic loss, personal injury, pain and suffering, emotional distress, mental anguish, embarrassment, humiliation, punitive damages, liquidated damages, penalties, interest and any and all other claims and potential claims by the Plaintiff, including attorneys' fees and costs, Defendant hereby agrees to cause to be paid to the Plaintiff the sum of Twenty One Thousand Dollars ($21,000.00) of which $6,831.31 are the attorney fee and $504 are the expenses:.

   A. An initial check (or wire transfers to the Samuel and Stein escrow account) made payable to "Qiting Yang and Samuel and Stein, as attorneys" in the amount of $5,000.00,
   B. 11 monthly checks (or wire transfers to the Samuel and Stein escrow account) xin the amount of $1,200.00 made payable to "Qiting Yang and Samuel and Stein, as attorneys. These checks will be mailed starting 30 days after the initial $5,000.00 check is mailed and 30 days thereafter until all checks have been mailed.
   C. A final check in the amount of $2,800 to be paid no later than 10 days after court approval.

The Company will make the payments described in Paragraph 3(B) through 3(C) (collectively the "Settlement Funds") by sending the first checks (or wire) via overnight delivery to the Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 within 5 (5) days of Plaintiff's execution of this Settlement Agreement. Defendant will send each successive check (or make each wire) in the same manner as the initial check. Plaintiff will file the stipulation of dismissal no more than 5 (five) days after the final check is received.

3. Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiffs hereby, acting on his own free will and volition, and on behalf of himself, heirs, administrators, executors, representatives, successors and assigns, release the Defendant, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from any and all debts, obligations, claims, demands, orders, judgments or causes of action of any kind whatsoever, whether in tort, contract, statute, at common law, or on any other basis, for compensatory, punitive or other damages, whether asserted in the Action or not, including, but not limited to, any and all claims, demands, rights and/or causes of action, including those arising out of alleged violations of the Fair Labor Standards Act, the New York State Labor Laws from the beginning of the world to the date of execution of this Agreement. It is expressly understood and agreed that Plaintiff hereby releases the Defendant from any and all liability relating to, *inter alia,* all claims that were or could have been asserted in the Action and arising before the Effective Date of this Agreement.

    A.    Defendant reciprocally releases Plaintiff from any and all liabilities, debts, claims and causes of action whatsoever, from the beginning of the world through the date of the effective date of this Agreement

4. The parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing Plaintiff or Defendant regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement.

5. Plaintiff understands and agrees that she has been advised that she has twenty- one (21) days from the date of this Agreement within which to decide whether to sign this Agreement which includes a release of claims.

6. Plaintiff understands and agrees that she has been advised to consult with her own attorney before signing this Agreement, and that she has done so by consulting Michael Samuel of Samuel and Stein P.C. Defendant understands and agrees that they has been advised to consult with their own attorney before signing this Agreement.

7. Plaintiff will not solicit, induce, recruit, encourage or otherwise endeavor to cause or attempt to cause any employee or former employee of the Defendants to sue the individual Defendant or Corporate Defendant.

8. By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

9. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

10. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

11. No Re-Employment: Plaintiff agrees that she will not at any time in the future seek employment with COMPANY and hereby waives any right that may accrue to her from any application for employment that she may make, or any employment that he may receive, notwithstanding this Paragraph. By signing this Agreement, Plaintiff intends to remove herself from consideration for future employment with COMPANY and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment Plaintiff may obtain notwithstanding this Paragraph. Plaintiff understands and agrees that she has no right to any reinstatement or re-employment by COMPANY at any time, and that she shall have no cause of action against Releases as a result of any such rejection or termination. Any delay in termination shall not be deemed a waiver of this provision.

12. By signing this Agreement, Defendant and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

13. Defendant, Bernard Benlevi hereby agrees that should he sell Matsuya of Great Neck, Inc. prior to all payments required under this settlement agreement being made, that he will, within 3 days of the sale pay Plaintiff any and all remaining payments due under this agreement.

14. This Agreement represents the entire agreement between Plaintiff and Defendant. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived,

3

except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

    A.    This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

    B.    Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

    C.    <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

15. Any breach or violation of this agreement by either party, will be considered a material breach of this agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate. If the defendant breaches this agreement plaintiff shall be entitled to file the attached Confession of Judgement (Annexed hereto as Exhibit A) with the court. The defendant shall have 5 days to cure any default prior to Plaintiff filing the confession.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

17. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Michael Samuel, Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001.

For Defendant(s): Bernard Benlevi on behalf of himself and on behalf of Matsuya

Date: June 15, 2016                                       Date: June 15, 2016

_____  _____
Qiting Yang  Bernard Benlevy, individually and on behalf of Matsuya of Great Neck

By:_____