```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
QITING YANG, on behalf of herself and
all other persons similarly situated,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         15-CV-1949(JS)(ARL)

MATSUYA QUALITY JAPANESE INC., d/b/a
MATSUYA QUALITY JAPANESE EATS,
BERNARD BENLEVI, and LONGLIN LI,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:       Ruchama Leah Cohen, Esq.
                     Michael Samuel, Esq.
                     Samuel & Stein
                     38 W. 32nd St., Suite 1110
                     New York, NY 10001

For Defendant
Benlevi:             Bernard Benlevi, pro se
                     70 Fir Drive
                     Roslyn, NY 11576

For remaining
Defendants:          No appearances
```

SEYBERT, District Judge:

Currently pending before the Court is the parties' joint letter requesting approval of their settlement agreement (the "Settlement Agreement") in this Fair Labor Standards Act ("FLSA") case. (Sept. 15, 2016 Ltr., Docket Entry 20.) For the reasons set forth below, the parties' joint request is DENIED.

The parties previously requested approval of their agreement on January 5, 2016. (Nov. 12, 2015 Ltr., Docket

Entry 18.)  This Court rejected the agreement because it contained a confidentiality provision and a "sweeping" release provision. (Elec. Order, Jan. 19, 2016.)  Additionally, the agreement failed to specify the amount of attorneys' fees.  (Elec. Order, Jan. 19, 2016.)  On September 15, 2016, the parties filed the revised Settlement Agreement for the Court's review.  (Settlement Agree., Docket Entries 20-1 & 20-2.))

Settlements dismissing FLSA claims with prejudice must be approved by the district court or the Department of Labor in order to take effect.  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015).  To determine whether an FLSA settlement is fair and reasonable, the court considers "the bona fides of the [parties'] dispute, including (1) the plaintiff's range of possible recovery; (2) the seriousness of the litigation risks faced by the parties; (3) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses that would be incurred if they proceeded with litigation; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) whether there is fraud or collusion." Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15-CV-6953, 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016), R&R adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Additionally, in Cheeks, the Second Circuit provided guidance as to the types of provisions that contravene the FLSA's remedial purpose of "prevent[ing] abuses by unscrupulous employers, and remedy[ing] the disparate bargaining power between employers and employees." Cheeks, 796 F.3d at 207. Such provisions include (1) "highly restrictive confidentiality provisions," (2) "overbroad release[s] that would waive practically any possible claim against the defendants, including unknown claim[s] and claims that have no relationship whatsoever to wage-and-hour issues," and (3) "provision[s] that would set the fee for plaintiff's attorney . . . without adequate documentation." Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (quoting Cheeks, 796 F.3d at 206) (ellipsis in original; internal quotation marks omitted).

First, the Court continues to find the Settlement Agreement's release provision to be unreasonable. The Second Circuit specifically referred to "overbroad releases that would waive practically any possible claim against the defendants" as contrary to the purposes of the FLSA. Cheeks, 796 F.3d at 206 (internal quotation marks and citation omitted); see also McCall v. Brosnan Risk Consultants, Ltd., No. 14-CV-2520, 2016 WL 4076567, at *2 (E.D.N.Y. Apr. 15, 2016) (holding that "an overbroad release of claims that is not limited to matters addressed in [the] action"

3

is unreasonable). Such releases are problematic because they "'transfer to the employee the risk of extinguishing an unknown claim.'" McCall, 2016 WL 4076567, at *2 (quoting Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). Here, the Settlement Agreement states that "Plaintiff . . . release[s] the Defendant . . . from any and all debts, obligations, claims, demands, orders, judgments or <u>causes of action of any kind whatsoever, whether in tort, contract, statute, at common law, or on any other basis</u> . . . whether asserted in the Action or not . . . ." (Settlement Agmt., Docket Entry 20-1, ¶ 3.) (emphasis supplied).) The above-quoted language constitutes an unreasonable and sweeping release that reaches far beyond the claims in this action.

Second, the Court finds the Settlement Agreement's non-disparagement clause to be unreasonable. A non-disparagement provision runs counter to the purpose of the FLSA when it "'silenc[es] the employee who has vindicated a disputed FLSA right'" by prohibiting him or her from discussing their litigation experience. Panganiban v. Medex Diagnostic and Treatment Ctr., LLC, No. 15-CV-2588, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016) (quoting Lopez v. Nights of Cambria, LLC, 96 F. Supp. 3d 170, 179 (S.D.N.Y. 2015)). Thus, an FLSA settlement agreement may include a non-disparagement clause "as long as it includes 'a carve-out for truthful statements about plaintiffs' experience litigating

4

their case.'" Id. (quoting Martinez v. Gulluoglu LLC, No. 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016)). The non-disparagement clause in the Settlement Agreement does not include a carve-out allowing Plaintiff to speak truthfully regarding this case.[1] (Settlement Agmt. ¶ 4) ("The parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other including publicly disparaging . . . denigrating, or criticizing Plaintiff or Defendant regarding any subject matter, including without limitation those that are relevant to the instant proceedings, and settlement.").

## CONCLUSION

For the foregoing reasons, the Court DENIES the parties' joint request to approve the Settlement Agreement (Docket Entry 20.) The parties are directed to proceed in one of three ways: (1) the parties may file a revised agreement with a limited release provision and a non-disparagement clause with the appropriate carve-out; (2) the parties may submit a joint letter for in camera inspection that explains why the Court should approve the Settlement Agreement, either in its present form or with the previously noted modifications; or (3) the parties may file a

---

[1] The Court acknowledges that the parties' prior agreement contained an identical non-disparagement clause. However, the Court's analysis on this issue is largely informed by this District's subsequent decision in Panganiban v. Medex Diagnostic and Treatment Center, LLC, No. 15-CV-2588, 2016 WL 927183, at *2 (E.D.N.Y. Mar. 7, 2016).

5

letter indicating their intent to abandon their settlement and continue to litigate this action. The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Memorandum and Order. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Defendant.

                                                SO ORDERED.

                                                /s/ JOANNA SEYBERT
                                                Joanna Seybert, U.S.D.J.

Dated: February __2__, 2017
       Central Islip, New York

6